IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-00348-CNS-TPO

RAJAE BOUHAMIDI,

      Plaintiff,

v.

CORRECTIONAL OFFICER JUSTIN TORRES, in his individual capacity,
EXECUTIVE DIRECTOR MOSES "ANDRE" STANCIL, in his individual capacity;
WARDEN RYAN LONG, in his individual capacity, and
ASSOCIATE WARDEN LUCILLE REAUX, in her individual capacity,

      Defendants.

---

**ANSWER AND JURY DEMAND ON BEHALF OF DEFENDANT TORRES**

---

Defendant CORRECTIONAL OFFICER JUSTIN TORRES, in his individual capacity, submits the following Answer to Plaintiff's Complaint and Jury Demand (Doc. 1). All allegations not specifically admitted below are denied.

## I. INTRODUCTION

1.     With respect to the allegations contained in paragraph 1 of Plaintiff's Complaint, Defendant Torres admits that this is an action for damages and other relief against Defendants and includes allegations relating to Plaintiff's incarceration with the Colorado Department of Corrections ("CDOC"). Defendant Torres otherwise denies all remaining allegations contained in paragraph 1.

## II. JURISDICTION AND VENUE

2.      Defendant Torres admits that Plaintiff asserts claims pursuant to the United States Constitution. Defendant Torres otherwise…

3.      Defendant Torres admits that this Court has subject matter jurisdiction concerning Plaintiff's claims. Defendant Torres otherwise…

4.      Defendant Torres admits that venue is proper in the United States District Court for the District of Colorado. Defendant Torres otherwise …

## III.    PARTIES

5a.[1]   Upon information and belief, Defendant Torres admits the allegations contained in paragraph 5a of Plaintiff's Complaint.

6a.     Defendant Torres is without knowledge as to the allegations contained in paragraph 6a of Plaintiff's Complaint and therefore denies the same.

7a.     Defendant Torres is without knowledge as to the allegations contained in paragraph 7a of Plaintiff's Complaint and therefore denies the same.

8a.     With respect to the allegations contained in paragraph 8a of Plaintiff's Complaint, Defendant Torres admits that the Denver Women's Correctional Facility ("DWCF") is located at 3600 Havana Street in Denver, CO 80239 and is operated by the CDOC. Defendant Torres otherwise asserts that the remaining allegations contain legal conclusions or he is without knowledge as to the same and therefore denies all such remaining allegations in paragraph 8a.

---

[1]      Plaintiff's Complaint contains duplicate paragraph numbers 5 through 8. To avoid confusion, Defendant Torres refers to the first set of paragraph numbers 5 through 8 as paragraphs "5a" through "8a" and the second set as "5b" through "8b."

5b.     The allegations set forth in paragraph 5b of Plaintiff's Complaint are directed to a Defendant other than Defendant Torres and no response is required from Defendant Torres. To the extent a response is required, Defendant Torres is without knowledge regarding such allegations and therefore denies the same.

6b.     The allegations set forth in paragraph 6b of Plaintiff's Complaint are directed to a Defendant other than Defendant Torres and no response is required from Defendant Torres. To the extent a response is required, Defendant Torres is without knowledge regarding such allegations and therefore denies the same.

7b.     The allegations set forth in paragraph 7b of Plaintiff's Complaint are directed to a Defendant other than Defendant Torres and no response is required from Defendant Torres. To the extent a response is required, Defendant Torres is without knowledge regarding such allegations and therefore denies the same.

8b.     Defendant Torres admits the allegations contained in paragraph 8b of Plaintiff's Complaint.

## IV.     FACTUAL ALLEGATIONS

9.     With respect to the allegations contained in paragraph 9 of Plaintiff's Complaint, Defendant Torres admits that, at certain times, Plaintiff, who is female, was housed at DWCF and in the custody of the CDOC. Defendant Torres is otherwise without knowledge as to all remaining allegations contained in paragraph 9 and therefore denies the same.

10.     Defendant Torres is without knowledge as to the allegations contained in paragraph 10 of Plaintiff's Complaint and therefore denies the same.

3

11.    With respect to the allegations contained in paragraph 11 of Plaintiff's Complaint, Defendant Torres admits that, at times, he worked in the kitchen at DWCF. Defendant Torres is otherwise without knowledge as to all remaining allegations contained in paragraph 11 and therefore denies the same.

12.    Defendant Torres denies the allegations contained in paragraph 12 of Plaintiff's Complaint.

13.    Defendant Torres denies the allegations contained in paragraph 13 of Plaintiff's Complaint.

14.    With respect to the allegations contained in paragraph 14 of Plaintiff's Complaint, Defendant Torres denies that he acted inappropriately with respect to Plaintiff and otherwise is without knowledge as to all remaining allegations and therefore denies the same.

15.    Defendant Torres denies the allegations contained in paragraph 15 of Plaintiff's Complaint.

16.    With respect to the allegations contained in paragraph 16 of Plaintiff's Complaint, Defendant Torres denies that he acted inappropriately with respect to Plaintiff and otherwise is without knowledge as to all remaining allegations and therefore denies the same.

17.    With respect to the allegations contained in paragraph 17 of Plaintiff's Complaint, Defendant Torres denies that he acted inappropriately with respect to Plaintiff and otherwise is without knowledge as to all remaining allegations and therefore denies the same.

18.    Defendant Torres denies the allegations contained in paragraph 18 of Plaintiff's Complaint.

19.     Defendant Torres denies the allegations contained in paragraph 19 of Plaintiff's Complaint.

20.     With respect to the allegations contained in paragraph 20 of Plaintiff's Complaint, Defendant Torres admits that bathrooms are generally not under surveillance. Defendant Torres otherwise is without knowledge as to all remaining allegations contained in paragraph 20 and therefore denies the same.

21.     Defendant Torres denies the allegations contained in paragraph 21 of Plaintiff's Complaint.

22.     Defendant Torres denies the allegations contained in paragraph 22 of Plaintiff's Complaint.

23.     Defendant Torres denies the allegations contained in paragraph 23 of Plaintiff's Complaint.

24.     Defendant Torres denies the allegations contained in paragraph 24 of Plaintiff's Complaint.

25.     Defendant Torres denies the allegations contained in paragraph 25 of Plaintiff's Complaint.

26.     Defendant Torres denies the allegations contained in paragraph 26 of Plaintiff's Complaint.

27.     Defendant Torres denies the allegations contained in paragraph 27 of Plaintiff's Complaint.

28.     Defendant Torres denies the allegations contained in paragraph 28 of Plaintiff's Complaint.

29.     Defendant Torres denies the allegations contained in paragraph 29 of Plaintiff's Complaint.

30.     Defendant Torres denies the allegations contained in paragraph 30 of Plaintiff's Complaint.

31.     Defendant Torres denies the allegations contained in paragraph 31 of Plaintiff's Complaint.

32.     Defendant Torres denies the allegations contained in paragraph 32 of Plaintiff's Complaint.

33.     Defendant Torres denies the allegations contained in paragraph 33 of Plaintiff's Complaint.

34.     With respect to the allegations contained in paragraph 34 of Plaintiff's Complaint, Defendant Torres denies that he acted inappropriately towards Plaintiff and otherwise is without knowledge as to all remaining allegations and therefore denies the same.

35.     With respect to the allegations contained in paragraph 35 of Plaintiff's Complaint, Defendant Torres denies that he acted inappropriately towards Plaintiff and otherwise is without knowledge as to all remaining allegations and therefore denies the same.

36.     Defendant Torres denies the allegations contained in paragraph 36 of Plaintiff's Complaint.

37.     Defendant Torres denies the allegations contained in paragraph 37 of Plaintiff's Complaint.

38.     Defendant Torres denies the allegations contained in paragraph 38 of Plaintiff's Complaint.

39.     Defendant Torres denies the allegations contained in paragraph 39 of Plaintiff's Complaint.

40.     Defendant Torres denies the allegations contained in paragraph 40 of Plaintiff's Complaint.

41.     With respect to the allegations contained in paragraph 41 of Plaintiff's Complaint, Defendant Torres denies that he acted inappropriately towards Plaintiff and otherwise is without knowledge as to all remaining allegations and therefore denies the same.

42.     Defendant Torres denies the allegations contained in paragraph 42 of Plaintiff's Complaint.

43.     Defendant Torres denies the allegations contained in paragraph 43 of Plaintiff's Complaint.

44.     With respect to the allegations contained in paragraph 44 of Plaintiff's Complaint, Defendant Torres denies that he acted inappropriately towards Plaintiff and otherwise is without knowledge as to all remaining allegations and therefore denies the same.

45.     Defendant Torres is without knowledge as to the allegations contained in paragraph 45 of Plaintiff's Complaint and therefore denies the same.

46.     With respect to the allegations contained in paragraph 46 of Plaintiff's Complaint, Defendant Torres denies that he acted inappropriately towards Plaintiff, including asking other inmates about Plaintiff, and otherwise is without knowledge as to all remaining allegations and therefore denies the same.

47.     Defendant Torres is without knowledge as to the allegations contained in paragraph 47 of Plaintiff's Complaint and therefore denies the same.

48.     Defendant Torres denies the allegations contained in paragraph 48 of Plaintiff's Complaint.

49.     Defendant denies the allegations contained in paragraph 49 of Plaintiff's Complaint.

50.     Defendant Torres denies the allegations contained in paragraph 50 of Plaintiff's Complaint.

51.     Defendant Torres denies the allegations contained in paragraph 51 of Plaintiff's Complaint.

52.     Defendant Torres denies the allegations contained in paragraph 52 of Plaintiff's Complaint.

53.     Defendant Torres is without knowledge as to the allegations contained in paragraph 53 and therefore denies the same.

54.     With respect to the allegations contained in paragraph 54 of Plaintiff's Complaint, Defendant Torres admits that he was a correctional officer at DWCF in 2024. Defendant Torres is otherwise without knowledge as to all remaining allegations contained in paragraph 54 and therefore denies the same.

55.     With respect to the allegations contained in paragraph 55 of Plaintiff's Complaint, Defendant Torres denies that, at any time, he sexually assaulted or attempted to sexually assault Plaintiff and otherwise denies all remaining allegations in paragraph 55.

56.     With respect to the allegations contained in paragraph 56 of Plaintiff's Complaint, Defendant Torres denies that he acted inappropriately with respect to Plaintiff or any other inmate and otherwise is without knowledge as to all remaining allegations in paragraph 56 and therefore

8

denies the same.

57.     Defendant Torres denies the allegations contained in paragraph 57 of Plaintiff's Complaint.

58.     Defendant Torres denies the allegations contained in paragraph 58 of Plaintiff's Complaint.

59.     Defendant Torres denies the allegations contained in paragraph 59 of Plaintiff's Complaint.

60.     With respect to the allegations contained in paragraph 60 of Plaintiff's Complaint, Defendant Torres denies that he acted inappropriately with respect to Plaintiff and otherwise is without knowledge as to all remaining allegations in paragraph 60 and therefore denies the same.

61.     With respect to the allegations contained in paragraph 61 of Plaintiff's Complaint, Defendant Torres denies that he acted inappropriately with respect to Plaintiff and otherwise is without knowledge as to all remaining allegations in paragraph 61 and therefore denies the same.

62.     With respect to the allegations contained in paragraph 62 of Plaintiff's Complaint, Defendant Torres denies that he acted inappropriately with respect to Plaintiff and otherwise is without knowledge as to all remaining allegations in paragraph 62 and therefore denies the same.

63.     With respect to the allegations contained in paragraph 63 of Plaintiff's Complaint, Defendant Torres admits that an investigation was opened. Defendant Torres is otherwise without knowledge as to all remaining allegations contained in paragraph 63 and therefore denies the same.

64.     Defendant Torres is without knowledge as to the allegations contained in paragraph 64 of Plaintiff's Complaint and therefore denies the same.

65.     With respect to the allegations contained in paragraph 65 of Plaintiff's Complaint,

Defendant Torres admits that an investigation was opened. Defendant Torres is otherwise without knowledge as to all remaining allegations contained in paragraph 65 and therefore denies the same.

66.    Defendant Torres is without knowledge as to the allegations contained in paragraph 66 of Plaintiff's Complaint and therefore denies the same.

67.    Defendant Torres denies the allegations contained in paragraph 67 of Plaintiff's Complaint.

68.    Defendant Torres is without knowledge as to the allegations contained in paragraph 68 of Plaintiff's Complaint and therefore denies the same.

69.    Defendant Torres is without knowledge as to the allegations contained in paragraph 69 of Plaintiff's Complaint and therefore denies the same.

70.    Defendant Torres is without knowledge as to the allegations contained in paragraph 70 of Plaintiff's Complaint and therefore denies the same.

71.    Defendant Torres is without knowledge as to the allegations contained in paragraph 71 of Plaintiff's Complaint and therefore denies the same.

72.    Defendant Torres is without knowledge as to the allegations contained in paragraph 72 of Plaintiff's Complaint and therefore denies the same.

73.    Defendant Torres is without knowledge as to the allegations contained in paragraph 73 of Plaintiff's Complaint and therefore denies the same.

74.    Defendant Torres is without knowledge as to the allegations contained in paragraph 74 of Plaintiff's Complaint and therefore denies the same.

75.    Defendant Torres denies the allegations contained in paragraph 75 of Plaintiff's Complaint.

76.    Defendant Torres asserts that the allegations contained in paragraph 76 of Plaintiff's Complaint are directed to Defendants other than Defendant Torres and a response from Defendant Torres is not required. To the extent a response is required, Defendant Torres is without knowledge as to such allegations and therefore denies the same.

77.    Defendant Torres asserts that the allegations contained in paragraph 77 of Plaintiff's Complaint are directed to Defendants other than Defendant Torres and a response from Defendant Torres is not required. To the extent a response is required, Defendant Torres is without knowledge as to such allegations and therefore denies the same.

78.    Defendant Torres asserts that the allegations contained in paragraph 78 of Plaintiff's Complaint are directed to Defendants other than Defendant Torres and a response from Defendant Torres is not required. To the extent a response is required, Defendant Torres is without knowledge as to such allegations and therefore denies the same.

## V. CLAIMS FOR RELIEF
### FIRST CLAIM FOR RELIEF
### 42 U.S.C. § 1983 – Eighth Amendment – Cruel and Unusual Punishment Clause
### Excessive Force

79.    Defendant Torres hereby incorporates his responses to paragraphs 1 through 78 of Plaintiff's Complaint as though fully set forth herein.

80.    With respect to the allegations contained in paragraph 80 of Plaintiff's Complaint, Defendant Torres admits that he was acting under color of state law and within the scope of his employment. Defendant Torres asserts that otherwise, the allegations contained in paragraph 80 are directed to other Defendants and a response is not required. To the extent a response is required, Defendant Torres is without knowledge as to such allegations and therefore denies the same.

11

81.     Defendant Torres denies the allegations contained in paragraph 81 of Plaintiff's Complaint.

82.     Defendant Torres denies the allegations contained in paragraph 82 of Plaintiff's Complaint.

83.     Defendant Torres denies the allegations contained in paragraph 83 of Plaintiff's Complaint.

84.     Defendant Torres denies the allegations contained in paragraph 84 of Plaintiff's Complaint.

85.     Defendant Torres asserts that the allegations contained in paragraph 85 of Plaintiff's Complaint are directed to Defendants other than Defendant Torres and a response from Defendant Torres is not required. To the extent a response is required, Defendant Torres is without knowledge as to such allegations and therefore denies the same.

86.     Defendant Torres asserts that the allegations contained in paragraph 86 of Plaintiff's Complaint are directed to Defendants other than Defendant Torres and a response from Defendant Torres is not required. To the extent a response is required, Defendant Torres is without knowledge as to such allegations and therefore denies the same.

87.     Defendant Torres asserts that the allegations contained in paragraph 87 of Plaintiff's Complaint are directed to Defendants other than Defendant Torres and a response from Defendant Torres is not required. To the extent a response is required, Defendant Torres is without knowledge as to such allegations and therefore denies the same.

88.     Defendant Torres asserts that the allegations contained in paragraph 88 of Plaintiff's Complaint are directed to Defendants other than Defendant Torres and a response from

Defendant Torres is not required. To the extent a response is required, Defendant Torres is without knowledge as to such allegations and therefore denies the same.

89.     Defendant Torres asserts that the allegations contained in paragraph 89 of Plaintiff's Complaint are directed to Defendants other than Defendant Torres and a response from Defendant Torres is not required. To the extent a response is required, Defendant Torres is without knowledge as to such allegations and therefore denies the same.

90.     Defendant Torres asserts that the allegations contained in paragraph 90 of Plaintiff's Complaint are directed to Defendants other than Defendant Torres and a response from Defendant Torres is not required. To the extent a response is required, Defendant Torres is without knowledge as to such allegations and therefore denies the same.

91.     Defendant Torres asserts that the allegations contained in paragraph 91 of Plaintiff's Complaint are directed to Defendants other than Defendant Torres and a response from Defendant Torres is not required. To the extent a response is required, Defendant Torres is without knowledge as to such allegations and therefore denies the same.

92.     Defendant Torres asserts that the allegations contained in paragraph 92 of Plaintiff's Complaint  are directed to Defendants other than Defendant Torres and a response from Defendant Torres is not required. To the extent a response is required, Defendant Torres is without knowledge as to such allegations and therefore denies the same.

93.     Defendant Torres denies the allegations contained in paragraph 93 of Plaintiff's Complaint to the extent such allegations are directed at him and otherwise asserts that the allegations are directed to other Defendants and he is not required to respond. To the extent a response is required to such allegations, Defendant Torres is without knowledge and therefore

denies the same.

94.     Defendant Torres denies the allegations contained in paragraph 94 of Plaintiff's Complaint to the extent such allegations are directed at him and otherwise asserts that the allegations are directed to other Defendants and he is not required to respond. To the extent a response is required to such allegations, Defendant Torres is without knowledge and therefore denies the same.

95.     Defendant Torres denies the allegations contained in paragraph 95 of Plaintiff's Complaint.

**SECOND CLAIM FOR RELIEF**
**42 U.S.C. § 1983 – Fourteenth Amendment – Substantive Due Process Clause**
**Invasion of Bodily Integrity**

96.     Defendant Torres hereby incorporates his responses to paragraphs 1 through 95 of Plaintiff's Complaint as though fully set forth herein.

97.     With respect to the allegations contained in paragraph 97 of Plaintiff's Complaint, Defendant Torres admits that he was acting under color of state law and within the scope of his employment. Defendant Torres asserts that, otherwise, the allegations contained in paragraph 97 are directed to other Defendants and a response is not required. To the extent a response is required, Defendant Torres is without knowledge as to such allegations and therefore denies the same.

98.     Defendant Torres denies the allegations contained in paragraph 98 of Plaintiff's Complaint.

99.     Defendant Torres asserts that the allegations contained in paragraph 99 of Plaintiff's Complaint are directed to Defendants other than Defendant Torres and a response from Defendant Torres is not required. To the extent a response is required, Defendant Torres is without

14

knowledge as to such allegations and therefore denies the same.

100.     Defendant Torres asserts that the allegations contained in paragraph 100 of Plaintiff's Complaint are directed to Defendants other than Defendant Torres and a response from Defendant Torres is not required. To the extent a response is required, Defendant Torres is without knowledge as to such allegations and therefore denies the same.

101.     Defendant Torres asserts that the allegations contained in paragraph 101 of Plaintiff's Complaint are directed to Defendants other than Defendant Torres and a response from Defendant Torres is not required. To the extent a response is required, Defendant Torres is without knowledge as to such allegations and therefore denies the same.

102.     Defendant Torres asserts that the allegations contained in paragraph 102 of Plaintiff's Complaint are directed to Defendants other than Defendant Torres and a response from Defendant Torres is not required. To the extent a response is required, Defendant Torres is without knowledge as to such allegations and therefore denies the same.

103.     Defendant Torres asserts that the allegations contained in paragraph 103 of Plaintiff's Complaint are directed to Defendants other than Defendant Torres and a response from Defendant Torres is not required. To the extent a response is required, Defendant Torres is without knowledge as to such allegations and therefore denies the same.

104.     Defendant Torres asserts that the allegations contained in paragraph 104of Plaintiff's Complaint  are directed to Defendants other than Defendant Torres and a response from Defendant Torres is not required. To the extent a response is required, Defendant Torres is without knowledge as to such allegations and therefore denies the same.

105.    Defendant Torres denies the allegations contained in paragraph 105 of Plaintiff's Complaint to the extent such allegations are directed at him and otherwise asserts that the allegations are directed to other Defendants and he is not required to respond. To the extent a response is required to such allegations, Defendant Torres is without knowledge and therefore denies the same.

106.    Defendant Torres denies the allegations contained in paragraph 106 of Plaintiff's Complaint to the extent such allegations are directed at him and otherwise asserts that the allegations are directed to other Defendants and he is not required to respond. To the extent a response is required to such allegations, Defendant Torres is without knowledge and therefore denies the same.

107.    Defendant Torres denies the allegations contained in paragraph 107 of Plaintiff's Complaint to the extent such allegations are directed at him and otherwise asserts that the allegations are directed to other Defendants and he is not required to respond. To the extent a response is required to such allegations, Defendant Torres is without knowledge and therefore denies the same.

108.    Defendant Torres denies the allegations contained in paragraph 108 of Plaintiff's Complaint to the extent such allegations are directed at him and otherwise asserts that the allegations are directed to other Defendants and he is not required to respond. To the extent a response is required to such allegations, Defendant Torres is without knowledge and therefore denies the same.

109.    Defendant Torres denies the allegations contained in paragraph 109 of Plaintiff's Complaint to the extent such allegations are directed at him and otherwise asserts that the

16

allegations are directed to other Defendants and he is not required to respond. To the extent a response is required to such allegations, Defendant Torres is without knowledge and therefore denies the same.

**THIRD CLAIM FOR RELIEF**
**42 U.S.C. § 1983 – Fourteenth Amendment – Equal Protection Clause**
**Sexual Harassment**

110.    Defendant Torres hereby incorporates his responses to paragraphs 1 through 109 of Plaintiff's Complaint as though fully set forth herein.

111.    With respect to the allegations contained in paragraph 111 of Plaintiff's Complaint, Defendant Torres admits that he was acting under color of state law and within the scope of his employment. Defendant Torres asserts that otherwise the allegations contained in paragraph 111 are directed to other Defendants and a response is not required. To the extent a response is required, Defendant Torres is without knowledge as to such allegations and therefore denies the same.

112.    With respect to the allegations contained in paragraph 112 of Plaintiff's Complaint, Defendant Torres admits that Plaintiff is female. Defendant Torres otherwise asserts that the remaining allegations contained in paragraph 112 contain legal conclusions that do not require a response. To the extent a response is required, Defendant Torres such denies such allegations.

113.    Defendant Torres denies the allegations contained in paragraph 113 of Plaintiff's Complaint.

114.    Defendant Torres denies the allegations contained in paragraph 114 of Plaintiff's Complaint.

115.    Defendant Torres denies the allegations contained in paragraph 115 of Plaintiff's Complaint.

17

116.    With respect to the allegations contained in paragraph 116 of Plaintiff's Complaint, Defendant Torres denies that he acted inappropriately towards Plaintiff and otherwise is without knowledge as to all remaining allegations and therefore denies the same.

117.    Defendant Torres denies the allegations contained in paragraph 117 of Plaintiff's Complaint.

118.    Defendant Torres denies the allegations contained in paragraph 118 of Plaintiff's Complaint.

119.    Defendant Torres asserts that the allegations contained in paragraph 119 of Plaintiff's Complaint are directed to Defendants other than Defendant Torres and a response from Defendant Torres is not required. To the extent a response is required, Defendant Torres is without knowledge as to such allegations and therefore denies the same.

120.    Defendant Torres asserts that the allegations contained in paragraph 120 of Plaintiff's Complaint are directed to Defendants other than Defendant Torres and a response from Defendant Torres is not required. To the extent a response is required, Defendant Torres is without knowledge as to such allegations and therefore denies the same.

121.    Defendant Torres denies the allegations contained in paragraph 121 of Plaintiff's Complaint to the extent such allegations are directed at him and otherwise asserts that the allegations are directed to other Defendants and he is not required to respond. To the extent a response is required to such allegations, Defendant Torres is without knowledge and therefore denies the same.

122.    Defendant Torres denies the allegations contained in paragraph 122 of Plaintiff's Complaint to the extent such allegations are directed at him and otherwise asserts that the

allegations are directed to other Defendants and he is not required to respond. To the extent a response is required to such allegations, Defendant Torres is without knowledge and therefore denies the same.

## REQUEST FOR RELIEF

7.      With respect to the allegations contained in the "REQUEST FOR RELIEF" section of Plaintiff's Complaint, Defendant denies the same and denies that Plaintiff is entitled to any relief in this matter including, but not limited to, compensatory damages or punitive damages.

## GENERAL DENIAL

Defendant denies each and every one of Plaintiff's allegations in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1.      Defendant Torres alleges that Plaintiff has failed to state a claim against him for which relief can be granted.

2.      Defendant Torres alleges that Plaintiff's claims and damages are barred or limited by the Prison Litigation Reform Act pursuant to 42 U.S.C. § 1997e(a) and (e), including any applicable caps or limitation on recoverable damages, the requirement that Plaintiff establish the existence of a physical injury attributable to her claims, and that she fully exhausted all administrative remedies before filing suit.

3.      Defendant Torres alleges the sole proximate cause of the injuries and/or damages alleged were due to the negligence, intentional conduct, and/or fault of Plaintiff or that her negligence, intentional conduct, and/or fault contributed to the same. On a comparative basis, the

negligence and/or fault of Plaintiff far outweighs that of Defendant Torres, whose negligence and/or fault is specifically denied.

4.      Defendant Torres alleges that Plaintiff's injuries and damages, if any, were proximately caused by the conduct and/or fault of third parties over whom or whose conduct Defendant Torres had no control.

5.      Defendant Torres alleges that Plaintiff's injuries and damages, if any, were proximately caused by the conduct, negligence, and/or fault of others over whom Defendant Torres had neither actual control nor right of control.

6.      Defendant Torres alleges that Plaintiff has failed to reasonably mitigate her alleged damages.

7.      Defendant Torres alleges that Plaintiff's claims are barred as, at all times relevant, Defendant Torres was performing discretionary functions and was otherwise acting in good faith and is, therefore, entitled to official, good faith, and qualified immunity.

8.      Defendant Torres alleges that Plaintiff's claims are barred as, at all times relevant, Defendant Torres did not violate a clearly established statutory or constitutional right of Plaintiff and, as a consequence, Plaintiff's claims against Defendant Torres are barred by the doctrines of official, good faith, and qualified immunity.

9.      Defendant Torres alleges that Plaintiff's claims for non-economic damages are barred or limited by the provisions of C.R.S. § 13-21-102.5.

10.     Defendant Torres alleges that Plaintiff's damages, if any, are not to the extent and nature alleged.

11.     Defendant Torres alleges that Plaintiff's claims for damages are subject to reduction based on compensation from another source and/or a collateral source pursuant to C.R.S. § 13-21-111.6.

12.     Defendant Torres alleges that Plaintiff's claims are subject to reduction under the doctrine of set-off.

13.     Defendant Torres alleges that Plaintiff's claims for punitive or exemplary damages violate the Excessive Fines clause of the Eighth Amendment to the United States Constitution, the Due Process clause of the Fourteenth Amendment to the United States Constitution, and the Double Jeopardy clause of the Fifth Amendment to the United States Constitution.

14.     Defendant Torres alleges that Plaintiff's claims are barred by the doctrine of unclean hands.

15.     Plaintiff's claims may be barred by the applicable statute of limitations.

16.     Defendant Torres lacked the requisite *mens rea* for the claims asserted by Plaintiff.

17.     Upon information and belief, Plaintiff's claims are barred by the doctrines of waiver, estoppel, laches, failure to exhaust administrative remedies, and failure to provide timely notice.

18.     Plaintiff's claimed damages, if any, may have been caused by a pre-existing, intervening, or superseding cause(s).

19.     Defendant Torres never breached any duty owed to Plaintiff under federal, state, or local law, at any time in the course of Plaintiff's incarceration.

20.     Plaintiff's alleged injuries, if any, were *de minimus* and do not entitle her to any relief.

21.    Plaintiff's claims are barred and/or limited by Section 13-17.5-102.3, C.R.S.

22.    Plaintiff's claims are barred, in whole or in part, as a matter of public policy.

23.    Plaintiff's claims for damages are limited and/or subject to all applicable damage limitations and other similar provisions of both federal and state law.

24.    Plaintiff is not entitled to punitive damages because Defendant Torres' alleged conduct was not willful and wanton. *See* § 13-21-102, C.R.S.

25.    Defendant Torres adopts any defenses set forth by any other Defendant in this action.

26.    Defendant Torres reserves the right to add or delete any defenses as determined appropriate through discovery.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant Torres prays for dismissal of the same, for costs expended in the defense hereof, for expert witness fees and attorney fees, and for such other and further relief as the Court deems just and proper.

**DEFENDANT TORRES REQUESTS A TRIAL BY JURY ON ALL CLAIMS AND ISSUES.**

Respectfully submitted,

Date: 07/28/25                          s/ Ann B. Smith
                                        Ann B. Smith
                                            VAUGHAN & DeMURO
                                            111 South Tejon Street, Suite 545
                                            Colorado Springs, CO 80903
                                            (719) 578-5500 (phone)
                                            asmith@vaughandemuro.com (e-mail)
                                        ATTORNEY FOR DEFENDANT TORRES

CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of July, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

**David A. Lane, Esq.**
dlane@killmerlane.com

**Liana Orshan, Esq.**
lorshan@killmerlane.com

**Madison Suzanne Lips, Esq.**
mlips@killmerlane.com

**Evan P. Brennan, Assistant AG**
mark.lockefeer@coag.gov

**Mark Christopher Lockefeer, Assistant AG**
evan.brennan@coag.gov

and I hereby certify that the foregoing was e-mailed and/or placed in the U.S. Mail, postage prepaid, and addressed to the following:

[none]

s/ Ann B. Smith
Ann B. Smith