IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-00348-CNS-TPO

RAJAE BOUHAMIDI,

    Plaintiff,

v.

MOSES ANDRE STANCIL, Executive Director, in his individual capacity,
RYAN LONG, Warden, in his individual capacity,
LUCILLE REAUX, Assistant Warden, in her individual capacity, and
JUSTIN TORRES, Correctional Officer, in his individual capacity,

    Defendants.

## CDOC DEFENDANTS' MOTION TO DISMISS THE COMPLAINT (ECF NO. 1)

Defendants Moses "Andre" Stancil, Ryan Long, and Lucille Reaux, by and through their undersigned counsel, respectfully submit the following Motion to Dismiss the Complaint (ECF No. 1) pursuant to Rule 12(b)(6). In support of this Motion, these Defendants state as follows:

### CERTIFICATE OF CONFERRAL

In accordance with D.C.COLO.LCivR 7.1(b)(1), undersigned counsel certify that he conferred with counsel for Plaintiff regarding this motion. Plaintiff opposes the relief sought herein.

### PRELIMINARY STATEMENT

Plaintiff Rajae Bouhamidi initiated this action on February 1, 2025, bringing three claims under the Eighth and Fourteenth Amendments relating to alleged sexual assaults

Defendant Justin Torres perpetrated during her time as a prisoner housed at Denver Women's Correctional Facility ("DWCF") in 2022 to 2023. ECF No. 1 at 2, ¶ 6; 4, ¶ 9.

In 2022, Bouhamidi alleges she began working in the kitchen at DWCF, where Defendant Torres was an assigned correctional officer. *Id.* at ¶¶ 10-11.[1] Bouhamidi alleges that Torres verbally sexually harassed her, and in February 2023, he began ordering Bouhamidi to clean the staff restroom, at which point he repeatedly sexually assaulted her in that restroom. *Id.* at ¶¶ 12-17, ¶¶ 19-28. Bouhamidi stopped showing up for work in the DWCF kitchen in April or May of 2023, after which Torres was assigned to her housing unit and resumed sexually harassing her. *Id.* at ¶¶ 31-35, 36-43. She did not file any grievances related to this behavior while it was occurring. *Id.* at ¶¶ 35, 61.

In May 2023, Bouhamidi transferred from DWCF to La Vista Correctional Facility, and then released from custody in October 2023. *Id.* at ¶¶ 45-47. Torres contacted her via Facebook while she was out of CDOC custody. *Id.* at ¶¶ 48-52. In 2024, Bouhamidi returned to custody at DWCF, and then transferred to La Vista, at which point she filed a formal grievance in September 2024 about the alleged sexual assault in 2023, prompting an investigation by the CDOC's Inspector General. *Id.* at ¶¶ 54-55, 61-66.

Although there is no allegation that Defendants Stancil, Long, or Reaux (collectively, "Supervisory Defendants") assaulted her, Bouhamidi seeks to hold them liable due to "actions and inactions [which] led to Ms. Bouhamidi's repeated assault." *Id.*

---

[1] Defendant Torres is represented by separate counsel in this case. See Entry of Appearance, ECF Nos. 28-29.

2

at 1, ¶ 1. Bouhamidi alleges they "knowingly, recklessly, and intentionally disregarded obvious serious risks to Ms. Bouhamidi and other DWCF inmates posed by widespread and pervasive sexual abuse of inmates at DWCF" by "failing to take timely substantive remedial actions," "failing to properly hire, train, and/or supervise," "continuing to employ DWCF prison staff in positions that allow them unsupervised access to female inmates," and "failing to maintain a proper video surveillance system in all locations where inmates have contact with guards." *Id.* at ¶ 77.

Bouhamidi brings three claims for relief against all Defendants: an Eighth Amendment excessive force claim, *Id.* at ¶¶ 79-95, a Fourteenth Amendment substantive due process claim, *Id.* at ¶¶ 96-109, and a Fourteenth Amendment equal protection claim. *Id.* at ¶¶ 110-122. Bouhamidi seeks declaratory and injunctive relief, and compensatory and punitive damages. *Id.* at 20.

The Supervisory Defendants seek dismissal of Bouhamidi's claims under Rule 12(b)(6) because her Complaint fails to state any claims against them, and as a result, the Supervisory Defendants are entitled to qualified immunity in their individual capacity.

## STANDARD OF REVIEW

A court may dismiss a complaint under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. To avoid dismissal, a complaint must set forth factual allegations that, when taken as true, establish a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Conclusory allegations are

3

insufficient to overcome a Rule 12(b)(6) motion. *Gallagher v. Shelton*, 587 F.3d 1063, 1068 (10th Cir. 2009).

While detailed factual allegations are not required, a plaintiff must assert "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint will not suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678 (*citing Twombly*, 550 U.S. at 555, 557).

## ARGUMENT

### I. The Fourteenth Amendment does not apply to this case because the Eighth Amendment covers all claims.

Bouhamidi brings claims under the Fourteenth Amendment's due process and equal protection clauses for invasion of bodily integrity and sexual harassment, respectively. ECF No. 1 at 15-20. All of Bouhamidi's claims against the Supervisory Defendants should be assessed pursuant to the Eighth Amendment deliberate indifference standard, however. When a constitutional claim is covered by a specific constitutional provision, a court should apply that specific provision, and alternative analysis under substantive due process is inappropriate. *County of Sacramento v. Lewis*, 523 U.S. 833 (1998); *Graham v. Connor*, 490 U.S. 386, 395 (1989) (because the Fourth Amendment provides an "explicit textual source of constitutional protection" against alleged excessive force by law enforcement officers, substantive due process claim is improper). When government conduct is constrained by "an explicit textual

4

source of constitutional protection ... that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims." *Id.*

Courts therefore dismiss Fourteenth Amendment claims arising out of alleged sexual assault of prisoners because the Eighth Amendment applies instead. *Ullery v. Raemisch*, No. 18-CV-00839-STV, 2019 WL 529570, at *10-11 (D. Colo. Feb. 9, 2019) (collecting cases), *aff'd sub nom. Ullery v. Bradley*, 949 F.3d 1282 (10th Cir. 2020); *Roe v. Minguela*, No. 16-CV-02744-MSK-KMT, 2018 WL 4148261, at *8 (D. Colo. Aug. 30, 2018) (dismissing equal protection claim because sexual harassment and sexual assault claims asserted by inmates "are more properly analyzed under the Eighth Amendment" and not under the Equal Protection Clause) (quoting *Barney v. Pulsipher*, 143 F.3d 1299, 1312 n.15 (10th Cir. 1998)).

Here, the Eighth Amendment applies to Bouhamidi's claims because that Amendment, "which is specifically concerned with the unnecessary and wanton infliction of pain in penal institutions, serves as the primary source of substantive protection to convicted prisoners." *Whitley v. Albers*, 475 U.S. 312, 327 (1986). Thus, "in claims alleging failure to protect as well as those alleging excessive force by governmental actors," Eighth Amendment standards—and not the Fourteenth Amendment's—apply. *Berry v. City of Muskogee, Okl.*, 900 F.2d 1489, 1494 (10th Cir. 1990); *see also Caiozzo v. Koreman*, 581 F.3d 63, 72 (2d Cir. 2009) ("Claims for deliberate indifference to a serious medical condition or other serious threat to the health or safety of a person in custody should be analyzed under the same standard irrespective of whether they are brought under the Eighth or Fourteenth Amendment").

Applicability of the Eighth Amendment precludes alternative analysis under substantive due process or equal protection. Bouhamidi's second and third claims assert substantive due process and equal protection violations, respectively, pursuant to the Fourteenth Amendment. ECF No. at 1. Because Bouhamidi was a convicted inmate serving a prison sentence at the time of the alleged incidents, the Eighth Amendment provides the proper, and exclusive, analysis for these claims. *Berry*, 900 F.2d at 1494.

## II.     The Complaint fails to state a plausible Eighth Amendment claim against Supervisory Defendants.

There is no respondeat superior liability under § 1983. *See Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997). Supervisors can be held liable only for their own unconstitutional or illegal policies, and not for their employees' tortious acts. *See Barney v. Pulsipher*, 143 F.3d 1299, 1307-08 (10th Cir. 1998). "[Section] 1983 allows a plaintiff to impose liability upon a defendant-supervisor who creates, promulgates, implements, or in some other way possesses responsibility for the continued operation of a policy the enforcement (by the defendant-supervisor or her subordinates) of which subjects, or causes to be subjected that plaintiff to the deprivation of any rights secured by the Constitution." *Dodds v. Richardson*, 614 F.3d at 1199 (quoting 42 U.S.C. § 1983; internal quote marks and ellipses omitted).

Here, Bouhamidi alleges that Torres, not any of the Supervisory Defendants, sexually assaulted her. ECF No. 1. To state a viable claim against the Supervisory

6

Defendants, Bouhamidi must plausibly allege that they committed a constitutional violation through their own actions. *See Iqbal*, 556 U.S. at 676. It is not enough that they "acted in a supervisory role" when Bouhamidi's constitutional rights were allegedly violated by Torres. *Keith v. Koerner*, 843 F.3d 833, 838 (10th Cir. 2016) (citing *Dodds*, 614 F.3d at 1195). Rather, Bouhamidi must prove an affirmative link between their actions and Torres's constitutionally violative actions. *See Keith*, 843 F.3d at 837-39. Demonstrating this link "requires proof of three interrelated elements: (1) personal involvement; (2) causation; and (3) state of mind." *Id.* at 837-39 (citing *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 767 (10th Cir. 2013)).

While the conduct that Torres is accused of is outrageous, the Complaint does not contain factual allegations sufficient to plausibly demonstrate any of these three interrelated elements as to the Supervisory Defendants.

**A. The Complaint does not adequately allege personal involvement.**

First, Bouhamidi does not set forth sufficient facts to demonstrate the Supervisory Defendants' personal involvement in any alleged constitutional violation.

"Individual liability under § 1983 must be based on [the defendant's] personal involvement in the alleged constitutional violation." *Schneider,* 717 F.3d at 768 (quoting *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997)). Under *Iqbal*, a plaintiff must demonstrate "'each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" *Id.* (quoting *Iqbal*, 556 U.S. at 676). Thus in § 1983 actions against "government actors sued in their individual capacities . . . it is particularly important . . . that the complaint make clear exactly *who* is alleged to have

7

done *what* to *whom*, to provide each individual with fair notice as the basis of the claims against him or her, as distinguished from collective allegations against the state." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in original). Where there are multiple defendants in a § 1983 action, general references to "Defendants" collectively are insufficient to provide individual defendants with "fair notice" of the allegations against them. *Id.* at 1250.

Here, Bouhamidi's allegations against the Supervisory Defendants are exclusively collective. There are no allegations in the Complaint that address any of the Supervisory Defendants' individual actions or inactions, or provide any plausible basis for liability as to any of them individually. The allegations are couched in collective terms exclusively, *e.g.*, "Supervisory Defendants are responsible for training DWCF employees" and "Supervisory Defendants' failure to do so has communicated to DOC employees, including Defendant Torres, that sexual assault against DWCF inmates is authorized"; "Defendants Stancil, Long, and Reaux knowingly, recklessly, and intentionally disregarded obvious serious risks to Ms. Bouhamidi and other DWCF inmates"; and "Supervisory Defendants failed to provide humane conditions of confinement for Ms. Bouhamidi and other similarly situated inmates by failing to implement practices, policies and procedures that protected inmates." ECF No. 1 at ¶¶ 76, 77, 87.

A plaintiff cannot hold a group of defendants collectively at fault. Rather, a plaintiff must specify how each defendant in the group took individual action or failed to take action for which each defendant can be faulted. *See Robbins*, 519 F.3d at 1249-50.

To the extent Bouhamidi attempts to hold any Supervisory Defendant individually responsible for a constitutional violation, the allegations are insufficient to demonstrate their personal involvement.

### B. The Complaint does not adequately allege causation.

"The second element of the 'affirmative link' between a supervisor and an alleged constitutional deprivation requires proof of causation." *Keith*, 843 F.3d at 847. "The requisite causal connection is satisfied if the defendant set in motion a series of events that the defendant knew or reasonably should have known would cause others to deprive the plaintiff of her constitutional rights." *Poolaw v. Marcantel*, 565 F.3d 721, 732-33 (10th Cir. 2009) (quoting *Snell v. Tunnell*, 920 F.2d at 700). The Tenth Circuit has indicated that "acts or deficiencies that result in a jail atmosphere in which discipline and supervision is entirely lacking, may be sufficiently related to a particular instance of assault that a jury is permitted to conclude that the conditions proximately caused the assault." *See Tafoya v. Salazar*, 516 F.3d at 922.

Here, Bouhamidi alleges that the "Supervisory Defendants' failure to properly train, supervise, and discipline their employees, including Defendant Torres, was the proximate cause of the violation of Ms. Bouhamidi's constitutional rights." ECF No. 1 at ¶ 92. To the extent Bouhamidi claims that the Supervisory Defendants engaged in constitutionally inadequate training or supervision, this is insufficiently pled. Bouhamidi again submits only conclusory allegations, such as, "The Supervisory Defendants, by and through their official duties within DOC, failed to properly train, supervise, and/or discipline their employees, including Defendant Torres, regarding sexual assault and

9

harassment of inmates resulting in inhumane conditions of confinement." ECF No. 1 at ¶¶ 77, 88, 92. These allegations amount to nothing more than a formulaic recitation of the elements of a cause of action, when what is required is *specific* allegations about specific shortcomings of supervision or training. *See, e.g., Starr v. Hayden*, No. 20-3302-SAC, 2021 WL 826248, at *2 (D. Kan. Mar. 3, 2021) ("Coming forward with no facts about any policy or training involved here, the plaintiff's allegations of failure to train are nothing more [than] conclusory and speculative statements. Without something more about the training and policies, the plaintiff's bald allegations against the supervisory defendants fail to state a claim."); *Garcia v. Adams Cnty.*, No. 16-cv-01977-PAB-NYW, 2017 WL 4251931, at *3-4 (D. Colo. Sept. 25, 2017) (dismissing complaint where plaintiff failed to identify specific policies or failures to train and supervise); *White v. City & Cnty. of Denver*, 13-cv-01761-CMA-MJW, 2014 WL 3953135, at *7 (D. Colo. Aug. 12, 2014) ("Plaintiff has not alleged specifics regarding why [defendants'] supervision was inadequate or explained how the incident described in the Second Amended Complaint could have been avoided by better supervision or training.").

Because the Complaint offers bald conclusory allegations, it cannot satisfy this pleading standard and cannot establish the causation element of supervisory liability.

**C. The Complaint does not adequately allege state of mind.**

The standard of culpability necessary to an Eighth Amendment violation is deliberate indifference. "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety...." *Farmer,* 511

10

U.S. at 837. The standard is subjective, requiring that the official actually be "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* An official's failure to alleviate a significant risk of which he was unaware, no matter how obvious the risk or how gross his negligence in failing to perceive it, is not an infliction of punishment and therefore not a constitutional violation. *Id.* at 844. Even if a prison official has knowledge of a substantial risk of serious harm to inmates, he or she is not deliberately indifferent to that risk unless the official is aware of and fails to take reasonable steps to alleviate that risk. *See LaMarca v. Turner,* 995 F.2d 1526, 1536 (11th Cir.1993).

To establish a viable claim for an Eighth Amendment violation in these circumstances, then, the Complaint must include sufficient allegations to make plausible the conclusion that each Supervisory Defendant subjectively was aware that Bouhamidi faced a serious risk of harm and that they disregarded that harm such that their inaction was a contributing factor in Bouhamidi's subsequent assault. *See, e.g., Poore v. Glanz*, 724 F. App'x 635, 641-43 (10th Cir. 2018).

Bouhamidi fails to satisfy this test, and the allegations do not support a theory of deliberate indifference. Bouhamidi does not allege that the Supervisory Defendants were actually aware of any inappropriate conduct by Torres toward female inmates prior to the alleged assaults or that they failed to investigate any allegations of abuse. The Complaint contains no allegations that any of the Supervisory Defendants subjectively knew of the threat Torres posed to female inmates generally or to Bouhamidi specifically. Instead of specific allegations regarding each Defendant's subjective

knowledge, the Complaint contains only collective and conclusory allegations that, based on a "post-2009 history of widespread and persistent sexual abuse by DWCF staff against inmates," "[i]t would have been obvious to those in Supervisory Defendants' positions that inmates at DWCF, including Ms. Bouhamidi, faced a substantial risk of serious harm from sexual abuse by staff." ECF No, 1 at ¶¶ 89, 86. Bouhamidi's characterization of the "post-2009 history of widespread and persistent sexual abuse" is premised on statistics from 2011-2012 allegedly showing that DWCF had the highest rate of alleged sexual assault or misconduct by correctional facility staff members against inmates in the country, and two settlements reached over a 13-year period – neither of which was alleged to have involved any of the Supervisory Defendants. *Id.* at ¶¶ 71, 68-70, 73-74. But this information does not demonstrate an obvious or known risk that a constitutional violation was very likely to occur in 2023, let alone that any Supervisory Defendant actually drew that inference.

Instead, according to the Complaint, the CDOC conducted supplemental training on preventing DOC employee-on-inmate sexual contact and instituted a zero-tolerance policy regarding employee-on-inmate sexual contact. *Id.* at ¶ 70. Furthermore, according to the Complaint, CDOC's Office of Inspector General investigated Torres immediately upon learning of Bouhamidi's allegations, and as a result, Torres was suspended. *Id.* at ¶¶ 63-65. The response in this case, as set out in the Complaint, refutes a theory of deliberate indifference.

To state an Eighth Amendment claim, the Complaint must plausibly establish that *each* defendant "knew [s]he faced a substantial risk of harm and disregarded that risk,

12

by failing to take reasonable measures to abate it." *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999) (internal citation and quotation omitted). Here, the Complaint contains no allegations that tend to show that *any* Supervisory Defendant was aware that Bouhamidi faced a substantial risk of harm or that they disregarded any such risk. Indeed, the CDOC's response in this matter demonstrates the opposite of deliberate indifference: as alleged, CDOC launched a prompt investigation in response to Bouhamidi's grievance, which resulted in Torres's suspension from the CDOC. These allegations demonstrate that Bouhamidi's claims of sexual harassment were taken seriously, and quick action was taken. Absent any allegations showing that any Supervisory Defendant disregarded a known risk, acted with deliberate indifference, or failed to investigate allegations of abuse, Bouhamidi falls far short of the standard necessary to state a plausible Eighth Amendment claim. Thus, her Eighth Amendment claim should be dismissed.

**III.     CDOC Defendants are entitled to qualified immunity.**

Finally, the Supervisory Defendants—all sued in their individual capacities—are entitled to qualified immunity in this case.

Public employees acting in their individual capacities are presumed to be immune from liability. *Schalk v. Gallemore*, 906 F.2d 491, 499 (10th Cir. 1990). Qualified immunity applies in "all but the most exceptional cases," *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 516 (10th Cir. 1998), and protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). Qualified immunity is "an immunity from suit rather than a mere defense to

liability." *Mitchell v. Foresyth*, 472 U.S. 511, 526 (1985). Courts can resolve qualified immunity claims in motions to dismiss under Rule 12(b)(6) to determine whether the defendant's conduct, as alleged in the complaint, is objectively reasonable as a matter of law. *Myers v. Brewer*, 773 F. App'x 1032, 1036 (10th Cir. 2019).

Once the defendant asserts qualified immunity, the burden shifts to the plaintiff to show that qualified immunity is not appropriate. *Davis v. Scherer*, 468 U.S. 183, 197 (1984); *DeSpain v. Uphoff*, 264 F.3d 965, 971 (10th Cir. 2001). The plaintiff must specifically demonstrate that (1) the defendants violated a constitutional right, and (2) the right was clearly established at the time of the violation. *Brosseau v. Haugen*, 543 U.S. 194, 195 (2004).

"For a right to be clearly established there must be Tenth Circuit or Supreme Court precedent close enough on point to make the unlawfulness of the officers' actions apparent." *Mascorro v. Billings*, 656 F.3d 1198, 1208 (10th Cir. 2011). "A Government official's conduct violates clearly established law when, at the time of the challenged conduct, '[t]he contours of [a] right [are] sufficiently clear' that every 'reasonable official would have understood that what he is doing violates that right.'" *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)).

"If the Plaintiff fails to satisfy either part of the two-part inquiry, the court must grant the defendants qualified immunity." *Gross v. Pirtle*, 245 F.3d 1151, 1156 (10th Cir. 2001). The prongs may be addressed in either order. *Pearson v. Callahan*, 555 U.S. 223 (2009).

As argued above, Bouhamidi fails to allege that the Supervisory Defendants violated her Fourteenth Amendment rights because the Eighth Amendment exclusively covers her claims. *See* Part I, *supra*. And she fails to allege that they violated her Eighth Amendment rights because (1) she does not allege that any Supervisory Defendant personally participated in any deprivation of her rights, (2) she does not allege that any Supervisory Defendant caused any deprivation of her rights, and (3) she does not allege that any Supervisory Defendant had the requisite state of mind for deliberate indifference. *See* Part II, *supra*. She therefore cannot satisfy the first prong of the qualified immunity analysis.

Because Bouhamidi fails to adequately allege that the Supervisory Defendants violated her constitutional rights, she necessarily cannot show that they violated any *clearly established* constitutional rights as required under the second prong of the analysis. *See Montoya v. Vigil*, 898 F.3d 1056, 1064 (10th Cir. 2018) ("It is true that if the plaintiff failed to state a claim under Rule 12(b)(6), the government would also be entitled to qualified immunity."). Moreover, she cannot overcome the Supervisory Defendants' assertion of qualified immunity as to her Fourteenth Amendment claims because there are no authorities clearly establishing an inmate's substantive due process or equal protection rights to be free from sexual harassment or assault, *separate from* rights that arise under the Eighth Amendment. *See Ullery*, 2019 WL 529570, at *10-11 (granting qualified immunity on substantive due process claim where "Plaintiff has failed to identify (and this Court was unable to find) any Supreme Court or

Tenth Circuit authority that clearly establishes a prisoner's substantive due process right to bodily integrity separate and apart from the prisoner's Eighth Amendment rights.").

Therefore, Bouhamidi's claims must also be dismissed as to the Supervisory Defendants because they are entitled to qualified immunity.

## CONCLUSION

For the foregoing reasons, the Supervisory Defendants respectfully request that this Court dismiss all claims against them.

Respectfully submitted this 28th day of July 2025.

> PHILIP J. WEISER
> Attorney General
>
> s/ Evan P. Brennan
> EVAN P. BRENNAN*
> MARK C. LOCKEFEER
> Assistant Attorneys General
> Colorado Department of Law
> 1300 Broadway, 10th Floor
> Denver, Colorado 80203
> Telephone: 720-508-6161, -6555
> E-Mail: evan.brennan@coag.gov;
> mark.lockefeer@coag.gov
> *Attorney for Defendants Stancil, Long, and Reaux*

### CERTIFICATE OF SERVICE

      This is to certify that I have duly served the foregoing **CDOC DEFENDANTS' MOTION TO DISMISS THE COMPLAINT (ECF No. 1)** upon all parties herein by e-filing with the CM/ECF system maintained by the court which will send notifications to all counsel of record and a courtesy copy emailed to Client Representative, this 28th day of July 2025:

| | |
|---|---|
| Liana Gerstle Orshan<br>David A. Lane<br>Madison Suzanne Lips<br>Killmer Lane, LLP<br>1543 Champa St. Suite 400<br>Denver, CO 80202<br>lorshan@killmerlane.com<br>Dlane@killmerlane.com<br>mlips@killmerlane.com<br>*Attorneys for Plaintiff* | Ann Baumgartner Smith<br>Michaela S. Morrissey<br>Vaughan & DeMuro<br>111 South Tejon Street, Suite 545<br>Colorado Springs, CO 80903<br>asmith@vaughandemuro.com<br>mmorrissey@vaughandemuro.com<br>*Attorneys for Defendant Torres* |

**Courtesy Copy Emailed:**
Anthony DeCesaro, CDOC
Associate Director of Legal Services

                                                    s/ *Brittany Vigil*
                                                    Paralegal